### No. 571

AMERICAN MORTGAGE CO. v. ROSENBAUM

No. 19126. Supreme Court

On motion to certify. Dock. May 10, 1925; 3 Abs. 313.

1102. STOCKHOLDERS — 1. In giving a stockholder the right to inspect books and records of corporation, need court use discretion or merely decree mandatory injunction on the allegation of stock ownership by said stockholder?

2. When there is allegation in answer that stockholder's request is made in bad faith, should it be stricken out?

This original action was brought in the Hamilton Common Pleas by David Rosenbaum against the American Mortgage Co. for a mandatory injunction to permit him as a stockholder to examine the books of said company. Upon refusal of the officers of the company to comply with Rosenbaum's request, this suit was brought.

The answer of the Mortgage Co. set up that the suit was not brought in good faith, but that the sole purpose of Rosenbaum in demanding inspection of the books and records was to obtain a list of stockholders names and addresses in order to furnish such a list to certain brokers, for use in competing with said Mortgage Co. in their sale of securities. It was further averred that the Mortgage Company's list of stockholders compries its list of customers and is a trade secret and a valuable business asset. A cross-petition asked that in case Rosenbaum was found entitled

a list of the names, that he be enjoined from selling or transferring said list to any broker of other persons not stockholders of the Mortgage Co. A demurrer to this answer and cross-petition was sustained and the company not desiring to plead further, judgment was entered for Rosenbaum. The Court of Appeals affirmed this judgment on the authority of Hoffmeister v. Volksblatt Co., 62 OS. 189.

The case is brought to the Court of last resort to reverse the lower courts. It is contended that the theory of Rosenbaum was that the right of a stockholder to examine the books of a corporation is absolute and unqualified and that the court has no authority or right to question his motives.

The Mortgage Co. admitted that the mere allegation of stock ownership is sufficient to make a prima facie right to an examination, but maintained that where the answer clearly shows that the motives of Rosenbaum are improper, a court of equity should not order an examination.

The Mortgage Co. contended that it believed that brokers in the City of Cincinnati would use the names and addresses in undermining the stockholders' faith in their investments and who would then trade speculative stock for their present holdings to the great hardship on holders of good securities. It is claimed that t he obtaining of a list of names under these circumstances would clearly be an abuse of a stockholder's privilege to demand a list of the stock-holders names.

"In an action by a stockholder to enforce the privilege of inspection of the books of records of the defendant corporation presumption of good faith obtained, and allegations of stock ownership, demand for inspection, and refusal thereof make a prima facie case for judicial interposition; but when this presumption is met by allegations of bad faith, they are defensive and material, and a motion does not lie to strike such allegations from the answer." 14 Ohio Nisi Prims (N. S.) 12.

The Mortgage Co. contends that at common law a defense that plaintiff was acting upon improper motives and purposes in demanding an inspection of the books was sufficient answer. That the statute is for sole purpose of protecting the stockholder and the corporation, and that it cannot be twisted into an instrument of wrong doing by a stockholder who seeks to avail himself of it, not for the purpose of benefiting himself as a stockholder, but solely for the purpose of injuring the corporation.

Attorneys—Ritchie, Hermann & Ritchie for Mortgage Co.; D. N. Rosenbaum and Leo Weinberger for Rosenbaum; all of Cincinnati.